```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                     PINE BLUFF DIVISION


DARRELL MANNING                                         PETITIONER


vs.                  Civil Case No. 5:09CV00081 HLJ


LARRY NORRIS, Director,
Arkansas Department of Correction                       RESPONDENT
```

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

> 1. Why the record made before the Magistrate Judge is inadequate.
>
> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus by Darrell Manning, a former inmate of the Arkansas Department of Correction.[1] Petitioner entered a guilty plea on August 27, 2002, to delivery of cocaine, and he received a sentence of 120 months plus one day imprisonment. On January 13, 2003, he entered a guilty plea to sexual abuse, and he received a concurrent sentence

---

[1] Respondent states Petitioner was paroled on April 10, 2009.

the same time that you file your written objections, include the following:

> 1. Why the record made before the Magistrate Judge is inadequate.
>
> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Now before the court is a petition for a writ of habeas corpus by Darrell Manning, a former inmate of the Arkansas Department of Correction.[1] Petitioner entered a guilty plea on August 27, 2002, to delivery of cocaine, and he received a sentence of 120 months plus one day imprisonment. On January 13, 2003, he entered a guilty plea to sexual abuse, and he received a concurrent sentence

---

[1] Respondent states Petitioner was paroled on April 10, 2009.

of 72 months imprisonment. He did not appeal and he did not seek post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.

In the present proceeding, Petitioner challenges his 2003 sexual abuse conviction on the following grounds:

1. There was no physical evidence;

2. There was no DNA evidence;

3. "Misrepresentation" and

4. False imprisonment.

Respondent contends the petition should be dismissed because, at the time Petitioner filed the petition, he was no longer "in custody" on the sexual abuse charge, the petition is untimely and all of the grounds for relief are procedurally barred.

The "federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook, 490 U.S. 488, 490 (1989). The judgment and commitment for the sentence challenged here (Respondent's Exhibit A) indicates Petitioner was given 152 days of jail time credit. When that time is subtracted from his sentence, it computes to a release date of August 13, 2008. Petitioner filed the present petition on March 11, 2009. I find he was not "in custody" on this conviction at the time he

filed this petition and the court does not have jurisdiction to consider his claims.

In addition, Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under § 2254. The relevant triggering date[2] in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999). Because there is no right to appeal a guilty plea in Arkansas, a judgment based on a guilty plea is final the day the trial court enters the judgment. See Ark. R.Crim. P. 37.2(c); Ark. R.App.P.-Civil 4(d); Anderson v. Norris, No. 5:07CV203 JMM-HLJ, recommended disposition at 2 (E.D.Ark. March 13, 2008), adopted by order of district court, 2008 WL 905870 (E.D.Ark. March 31, 2008). Respondent's Exhibit A indicates the judgment and commitment in this case was filed on January 14, 2003. Petitioner had until January 14, 2004, to file a federal habeas petition. The filing date of this petition (March 11, 2009) is well beyond the limitations period. I find the petition is untimely. In light of the court's findings regarding the "in custody" requirement and the limitations period, there is no need to address Respondent's procedural bar argument.

---

[2] Although given the opportunity, Petitioner has not replied to the Response, and he has not argued that any other provisions of the statute apply.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 24th day of June, 2009.

                                                */s/ Henry L. Jones, Jr.*
                                                United States Magistrate Judge